# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

NASH N. TUTEN,       )
                       )
      Plaintiff,      )
                       )
v.                     )      CV421-250
                       )
JUSTIN GAUSE, *et al.*,   )
                       )
      Defendants.    )

## ORDER

The Court previously granted *pro se* plaintiff Nash N. Tuten's requests to amend his complaint. *See* doc. 31 at 2. He complied. *See* doc. 35. The Court, therefore, proceeds to screen his Amended Complaint. Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Tuten is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings

drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

The United States Supreme Court has explained that, although the pleading standard under the Federal Rules of Civil Procedure, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citation omitted). The Court emphasized that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Characterizations of a defendant's conduct as unlawful are " 'legal conclusion[s]' and, as such, . . . not entitled to the assumption of truth." *Id.* at 680 (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)).

Tuten's claims are exactly the sort of conclusory claims that the Supreme Court recognized were insufficient in *Iqbal*. The first several pages of Tuten's Amended Complaint are a list of various defendants, apparently law enforcement officers, who he alleges subjected him to excessive force and cruel and unusual punishment. *See* doc. 35 at 1-3.

To take one example, his allegations against the first named defendant, "Capt. Seanz," state, in their entirety:

> Capt. Seanz use of excisive [sic] force violated Plaintiff's Rights and constituted cruel and unusual punishment under the Eighth Amendment of the United States Constitution. 8th Amendment injury.   Defendant Capt. Seanz violated Plaintiff's rights #Article #2# making a distinction of race and color #Article 7# inciting discrimination which violates the declaration of human rights.

Doc. 35 at 1.  His allegations against defendants Dustin Belfiore, Officer Skaff, Sheriff Wilcher, Officer "Gesiler," Officer Taylor, Detective Gause, and the City of Savannah are substantially identical.  *See id.* at 1-3.  The Court cannot imagine a clearer example of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Iqbal*, 556 U.S. at 678.  All of those claims are **DISMISSED**.

Tuten's allegations against the participants in the legal proceedings against him are little better, substantively, but suffer from additional, equally fatal, defects.  He asserts a claim against District Attorney Shalena Cook Jones and an assistant district attorney for violating his rights "by indicting [him]."  Doc. 35 at 6.  He asserts a claim against a Chatham County Superior Court judge for "depriving [him] his privilege of a habeas corpus . . . ."  *Id.*  Finally, he asserts a claim against "Katilyn

[sic] Beck," for "violating his attorney and clients privilege also ineffective and assistance [sic] counselor . . . ." *Id.* In addition to being wholly conclusory, the named defendants are all improper. Prosecutors enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even if they do so maliciously. *See Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013); *see also Imbler v. Pachtman*, 424 U.S. 409 (1976). Judges, too, "are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity . . . ." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009). Finally, criminal defense attorneys, even when appointed by the state, do not act "under color of state law" for purposes of § 1983. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Even assuming that Tuten had alleged facts supporting his claims against those defendants, his claims would fail. They are, therefore, **DISMISSED**.

Finally, Tuten asserts, again in wholly conclusory fashion, that "[t]he State of Georgia violated [his] rights and constituted a due process violation under the 5th Constitutional Amendment at issue." Doc. 35 at 7. However, a "State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As above, even if Tuten had alleged facts supporting a claim against the State of Georgia, the Eleventh Amendment would preclude it. His claim against the State of Georgia, therefore, is **DISMISSED**.

In summary, Tuten has failed to state any claim upon which relief can be granted. His wholly conclusory allegations that his rights were violated are not sufficient to state a claim. Even if he included factual allegations, moreover, many of the parties he names as defendants are not subject to suit under § 1983 or are immune. Ordinarily, a *pro se* plaintiff would be afforded an opportunity to amend his complaint. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). However, Tuten has already had ample opportunity to amend his Complaint. *See* doc. 31 at 1-2 (discussing various submissions construed as amendments). Accordingly, his Complaint is **DISMISSED**. *See, e.g.,*

*Salazar v. McGillicuddy Works, LLC*, 2013 WL 209210, at *2 (S.D. Ga. Jan. 17, 2013) ("Courts are not required to give [*pro se*] plaintiff endless opportunities to amend . . ." (citation omitted)).

Tuten has also filed a Motion for Preliminary Injunction. Doc. 36. Such requests are governed by Federal Rule of Civil Procedure 65. That Rule provides for two types of preliminary relief, temporary restraining orders and preliminary injunctions. *See* Fed. R. Civ. P. 65(a)-(b). A preliminary injunction can only be issued if notice has been provided to the adverse party. Fed. R. Civ. P. 65(a)(1). Temporary restraining orders may be issued without notice, but only under limited circumstances. Fed. R. Civ. P. (b)(1)(A)-(B). A party seeking a temporary restraining order must "certif[y] in writing any efforts made to give notice [to the opposing party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Courts have found that *pro se* parties are not excused from the requirement. *See Vaughan v. Bank of America, NA*, 2010 WL 3273052, at * 1 (S.D. Ala. Aug. 18, 2010). Tuten has not complied with the notice requirements.

Even if Tuten's motion were not procedurally deficient, it still fails. "In this Circuit, a preliminary injunction is an extraordinary and drastic

remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites"; namely (1) a substantial likelihood of success on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation marks, alterations, and citations omitted)). "[G]ranting or denying a temporary restraining order or preliminary injunction rests within the discretion of the district court." *Hernandez v. Inch*, 2021 WL 5361086, at *1 (N.D. Fla. Oct. 8, 2021) (citing *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (1997)).

As discussed above, none of the pleadings submitted in this case state a claim, much less establish a substantial likelihood of success on the merits. The motion does not specify the nature of injunctive relief sought, *see generally* doc. 36, but his Amended Complaint seeks "[a] preliminary injunction ordering defendants 'the City of Savannah' [officers] to stop using excessive force," doc. 35 at 4, and "[a] preliminary . . . injunction ordering defendants 'The State of Georgia' to stop indicting

citizens without due process of law," *id.* at 8.  The State of Georgia's Eleventh Amendment immunity, "applies regardless of whether the plaintiff seeks monetary damages or prospective injunctive relief." *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989).  His request for an injunction against excessive force "would serve little purpose, as it would amount to nothing more than an instruction to 'obey the law'—a duty already in place." *Lee v. Laughlin*, 2016 WL 7175628, at *1 (S.D. Ga. Dec. 8, 2016) (Bowen, J.) (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999)).  The motion is, therefore, **DENIED**.  Doc. 36.

**SO ORDERED,** this 20th day of May, 2022.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8